FILED
U.S. Bankruptcy Court
Western District of NC

OCT 22 2026

Christine F. Ramsey, Clerk
Charlotte Division

UNITED STATES BANKRUPTCY COURT
Western District of North Carolina
Charlotte Division

In Re:
GIAVANNA YVETTE COLLINS
Debtor

Case No. 26-30775

SSN: XXX-XX-3814

Chapter 13

**DEBTOR'S OPPOSITION TO CITADEL CREDIT UNION'S OBJECTION TO CONFIRMATION OF THE AMENDED CHAPTER 13 PLAN**

NOW COMES GiaVanna Yvette Collins, the Debtor appearing pro se, and respectfully submits this Opposition to the Objection to Confirmation of the Debtor's Amended Chapter 13 Plan filed by Citadel Credit Union ("Citadel") on October 15, 2026 (D.E. 31), for which a hearing is noticed for October 27, 2026 at 9:30 a.m. in Courtroom 2A, 401 West Trade Street, Charlotte, North Carolina. In support of this Opposition, the Debtor shows the Court the following:

## PROCEDURAL AND FACTUAL BACKGROUND

1. The Debtor filed a voluntary petition for relief under Chapter 13 on June 8, 2026, and filed her original plan the same day.

2. Citadel filed Proof of Claim No. 3-1 on June 25, 2026, asserting a secured claim based on a lien against a 2023 Kia Telluride, VIN 5XYP5DGC1PG330063 (the "Vehicle").

3. On July 23, 2026, the Chapter 13 Trustee objected to confirmation and moved to dismiss, asserting among other things that the plan did not provide for the value of each allowed secured claim under section 1325(a)(5) of the Bankruptcy Code 11 USCS § 1325.

4. The Debtor has since amended her plan, and the operative Amended Chapter 13 Plan was filed on September 25, 2026 (D.E. 26 and 27).

5. On September 25, 2026, the Debtor filed her Opposition to the Trustee's Objection and Motion to Dismiss (D.E. 28), supported by exhibits addressing the valuation and condition of her vehicle.

6. On September 29, 2026, at the first scheduled confirmation hearing, the Court asked the Debtor to provide an additional valuation of the car from CarMax.

7. On September 30, 2026, the Debtor obtained the valuation from Carmax.

8. On October 1, 2026, the Debtor forwarded the CarMax appraisal to the Trustee's office and asked if the Trustee would now withdraw her objection.

9. On October 15, 2026 at 10:19 AM, two weeks later, the Trustee responded that they would not be withdrawing their objection.

10. Coincidentally, also on October 15, 2026 at 1:32 PM, Citadel, who had not objected to confirmation prior despite having filed a proof of claim on June 25, 2026, filed an objection (nearly four months after the petition and well after the Trustee's own objection) and its objection rests solely on 11 USCS § 1325.

## ARGUMENT

### I. The Plan Properly Values the Vehicle, and Citadel Has Offered No Contrary Valuation Evidence.

A secured claim is allowed only to the extent of the value of the creditor's interest in the collateral, and the balance is an unsecured claim. See 11 USCS § 506.

For personal property securing an allowed claim held by an individual Chapter 13 debtor, value is the property's replacement value as of the petition date, without deduction for costs of sale, and for property acquired for personal use replacement value means the price a retail merchant would charge for property of that kind considering its age and condition. See 11 USCS § 506.

When a Chapter 13 debtor retains collateral over a secured creditor's objection under the cram-down option of section 1325(a)(5)(B), section 506(a)

requires application of the replacement-value standard rather than foreclosure value, measured by the cost the debtor would incur to obtain a like asset for the same proposed use. See Assocs. Commer. Corp. v. Rash, 520 U.S. 953 (1997)

Confirmation of the Plan therefore requires only that the value distributed on account of Citadel's allowed secured claim equal the replacement value of the Vehicle as of the petition date. The Plan satisfies that requirement. See 11 USCS § 1325.

The Debtor has placed two independent valuation documents before the Court. The Plan values the Vehicle at $20,385.00 and notes damage to it. The Debtor also supported her valuation with a Preliminary Repair Estimate prepared by Caliber Collision.

At the September 29, 2026 hearing the Court asked the Debtor to supplement her valuation with an estimate from CarMax, and continued the matter. On September 30, 2026 the Debtor obtained a CarMax appraisal valuing the Vehicle at $21,000, and forwarded that figure to the Trustee's office on October 1, 2026.

The CarMax appraisal independently documents the Vehicle's damaged condition, listing needed repairs to the driver fender, front bumper, windshield, both passenger doors, rear bumper, and rocker panel. Both of the Debtor's

valuations thus reflect the age and condition of the Vehicle, as the governing replacement-value standard requires. See 11 USCS § 506.

North Carolina bankruptcy courts applying the Chapter 13 cram-down standard treat a recognized valuation guide as only a presumptive baseline or starting point for retail value, which remains subject to further adjustment based on evidence concerning the property's actual condition and need for repairs. See In re Hardy, 2016 BANKR. LEXIS 2341 (2016).

The Bankruptcy Court for the Eastern District of North Carolina has likewise explained that a guide value is a starting point that is subject to further adjustment based upon evidence concerning the actual condition and need for repairs of the property. See In re Brown, 560 B.R. 188 (2016)

That same court has recognized that, where the parties do not agree on value, the court determines value using the replacement standard, which in most cases is retail value. The Debtor's repair and condition evidence—the Caliber Collision estimate and the CarMax appraisal—is precisely the kind of condition and repair evidence these decisions direct the Court to weigh in adjusting a guide-based figure to the Vehicle's true replacement value. See In re Russell, 211 B.R. 12 (1997).

The debtor bears the burden of proving the value of collateral for purposes of section 506(a) and confirmation by a preponderance of the evidence. The Debtor

has carried that burden here through two independent valuations that account for the Vehicle's damaged condition. See In re Lamb, 665 B.R. 603 (2024)

Against these two valuations, Citadel has submitted no appraisal, no competing estimate, and no other evidence of a higher replacement value. Its objection asserts only that it does not accept the treatment of its claim. An unsupported assertion of dissatisfaction does not controvert the Debtor's evidence of replacement value, and on this record the Debtor's uncontradicted valuations should be accepted for purposes of 11 USCS § 1325.

**II. There Are No Insurance Proceeds to Account For (Paragraph 6).**

Paragraph 6 of Citadel's objection relies on a contractual provision permitting Citadel to apply "any insurance settlement" to the debt or repairs, and complains that the status of "the insurance proceeds, if any," is not accounted for in the Plan.

There are no insurance proceeds. No insurance settlement has been paid, and none is owed, so there is nothing to apply, disclose, or distribute. The contractual right Citadel quotes is conditioned on the existence of an "insurance settlement," and that condition has not occurred.

The record is consistent with the absence of any insurance recovery. The Caliber Collision repair estimate the Debtor submitted lists the paying party as

"customer pay" rather than an insurer. The Vehicle was not repaired through insurance after it was damaged in Philadelphia because the Debtor could not afford the insurance deductible that any such repair would have required. Because no insurance proceeds were ever received, the Plan correctly does not list any, and section 1325(a)(5) does not require a debtor to distribute an asset that does not exist. See 11 USCS § 1325.

**III. The Court Should Confirm the Plan Notwithstanding the Timing of Citadel's Objection.**

USCS BANKRUPTCY R 3015(f)(1) requires an entity objecting to confirmation to file and serve its objection at least seven days before the confirmation hearing.

The but notes that Citadel raised no objection for nearly four months while the valuation issues were already being litigated through the Trustee's objection and the Debtor's response. They filed no objection before the first scheduled confirmation hearing that was only continued so that the Debtor could comply with the Court's request for a CarMax appraisal, nor did they file before the second scheduled confirmation hearing that was only rescheduled so the Debtor could take her sister to her surgery appointment. It is submitted that their objection is therefore untimely.

Further, the Chapter 13 Trustee has a statutory duty to appear and be heard at any hearing that concerns the value of property subject to a lien, the confirmation of a plan, or modification of the plan after confirmation. See 11 USCS § 1302.

North Carolina bankruptcy courts confirm that this statutory role gives the Trustee standing to be heard on confirmation, and that the Bankruptcy Code does not limit the Trustee's right to be heard in the way Rule 3015 may limit a creditor's. See In re White, 618 B.R. 748 (2020)

The Debtor observes that Citadel's objection raises the same section 1325(a)(5) valuation theory that the Trustee first advanced, and that it was filed only after the valuation dispute was already before the Court. While the Debtor does not allege, and has no evidence establishing, that the Trustee improperly prompted or coordinated Citadel's objection, the timing is interesting.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court: (1) overrule Citadel Credit Union's Objection to Confirmation; (2) find that the Amended Chapter 13 Plan properly values the Vehicle at replacement value based on the Debtor's uncontradicted valuation evidence; (3) find that there are no insurance proceeds to be accounted for in the Plan; (4) confirm the Amended

Chapter 13 Plan; and (5) grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Date: 10/22/26

GiaVanna Y. Collins, Debtor, Pro Se

UNITED STATES BANKRUPTCY COURT
Western District of North Carolina
Charlotte Division

In Re:
GIAVANNA YVETTE COLLINS Case No. 26-30775
Debtor

SSN: XXX-XX-3814 Chapter 13

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served each party or counsel of record indicated on the list below with a copy of the attached document that was filed with the Clerk of Court on September 25, 2026 via the CM/ECF filing system. Non-ECF users were served by depositing in the United States mail a copy of the same in a properly addressed envelope with first class postage thereon. ECF users were served electronically.

Respectfully Submitted,

Service Date: 10/22/26

GiaVanna Y. Collins, Debtor, Pro Se

JENNY P. HOLMAN. STANDING CHAPTER 13 TRUSTEE, 3800 ARCO CORPORATE DR, SUITE 510, CHARLOTTE, NC 28273
BANK OF AMERICA, PO BOX 15019, WILMINGTON, DE 19886 BANK OF AMERICA, PO BOX 982238, EL PASO, TX 79998-2238
CABARRUS COUNTY TAX COLLECTOR, PO BOX 707, CONCORD, NC 28026-0707 CAPITAL ONE, PO BOX 30285, SALT LAKE CITY, UT 84130
CITADEL FEDERAL CREDIT UNION, 520 EAGLEVTEW BLVD, EXTON, PA 19341 CITIBANK N.A., 350 CAMINO DE LA REINA, SAN DIEGO, CA 92108-3007 GIAVANNA YVETTE COLLINS, 1220 EL PASO STREET, KANNAPOLIS, NC 28083
INTERNAL REVENUE SERVICE, PO BOX 73 1 7, INSOLVENCY REMITTANCE, PHILADELPHIA, PA 19101-7317
INTERNAL REVENUE SERVICE, PO BOX 7346, PHILADELPHIA, PA 19 1 O1-7346 KIA MOTOR FINANCE, 10550 TALBERT AVENUE, FOUNTAIN VALLEY, CA 92708 KIA MOTORS FINANCE COMPANY, PO BOX 20825, FOUNTAIN VALLEY, CA 92728 LVNV FUNDING LLC, PO BOX 1269, GREENVILLE, SC 29602
LVNVFUNDING LLC, RESURGENT CAPITAL SERVICES, PO BOX 10587, GREENVILLE, SC 29603-0587
MIDLAND CREDIT MANAGEMENT, 350 CAMINO DE LA REINA, SAN DIEGO, CA 92108
MIDLAND CREDIT MANAGEMENT, PO BOX 939069, SAN DIEGO, CA 92123
NC DEPARTMENT OF REVENUE, BANKRUPTCY UNIT, PO BOX 1168, RALEIGH, NC 27602-1168 PA DEPARTMENT OF REVENUE, PO BOX 280504, HARRISBURG, PA 17128-0504
WELLS FARGO BANK NA, WELLS FARGO AUTO, PO BOX 169005, IRVING, TX 75016
WELLS FARGO BANK NA, WELLS FARGO AUTO, PO BOX 51963, LOS ANGELES, CA90051-6263 WELLS FARGO DEALER SERVICES, PO BOX 71092, CHARLOTTE, NC 28272

Total Served: 21