FILED & JUDGMENT ENTERED
Christine F. Ramsey

November 2 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

GIAVANNA YVETTE COLLINS — CASE NO: 26-30775

DEBTOR — CHAPTER 13

**ORDER SUSTAINING OBJECTION TO PLAN CONFIRMATION**

THIS MATTER came before the Court on October 27, 2026 for a hearing on the *Objection to Confirmation of Debtor's Amended Chapter 13 Plan* (D.E. 31) filed by Citadel Credit Union ("CCU"). Joseph J. Vonnegut appeared for CCU, Jenny P. Holman, Esq. appeared as the Chapter 13 Trustee, and the Debtor, Giavanna Yvette Collins appeared for herself. Based upon the record, the submissions of the parties, the evidence presented, and the arguments of the parties, the Court finds and concludes as follows:

1. The Debtor commenced this case by filing a Chapter 13 Petition on June 8, 2026.

2. Jenny P. Holman is the duly-appointed Chapter 13 Trustee.

3. CCU is a secured creditor of the Debtor and filed Proof of Claim #3-1 on June 25, 2026 asserting a secured claim against the Debtor based upon a lien against a 2023 Kia Telluride bearing VIN 5XYP5DGC1PG330063 (the "Vehicle"). CCU subsequently amended its claim on October 26, 2026 (Claim 3-2).

4. Debtor's original Chapter 13 Plan (D.E. 7) was filed on June 8, 2026. Amended Plans were subsequently filed on September 11, 2026 (D.E. 21), September 25, 2026 (D.E. 26), and again on September 25, 2026 (D.E. 27, collectively the "Plan").

5. CCU timely filed its *Objection to Confirmation of Debtor's Amended Chapter 13 Plan* (D.E. 31, "Objection") on October 15, 2026.

6. Debtor's Plan valued the Vehicle at $20,385.00 and noted damage to the Vehicle which occurred on various occasions pre-petition. Debtor did not notify CCU of the Vehicle's condition prior to the Plan's filing and has not filed an insurance claim stating she could not meet the $500.00 deductible, and the Vehicle has not been repaired.

7. Debtor presented evidence that the Vehicle's value in an undamaged state was $34,573.00, but repairs would cost approximately $14,188.00, reducing the Vehicle's value to the amount claimed by the Debtor.

8. CCU did not accept Debtor's proposed treatment of its claim and based its Objection on 11 U.S.C. § 1325(a)(5) in that under Section 2d of the *Retail Installment Sale Contract* that serves as the basis of CCU's claim, at the time that CCU agreed to finance Debtor's purchase of the Vehicle, Debtor agreed to the following provision: "If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle." According to the repair estimate presented by the Debtor, if any repairs were to be authorized or made, they would be paid for by the Debtor.

9. Given the Court's findings, above, and Debtor's failure to abide by the terms of the underlying *Retail Installment Sale Contract,* CCU's Objection should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The Objection is sustained, and

2. Debtor is allowed 30 days to file a new Chapter 13 Plan.

This Order has been signed electronically
The Judge's Signature and court's seal
Appear at the top of the Order.

United States Bankruptcy Court